JAMES W. STANSEL ET AL. v. SAMUEL J. HAHN ET AL.

[50 South. 696.]

1. TRUST ESTATES. *Active trust. Execution sales. Code* 1906, § 2779.

Code 1906, § 2779, authorizing the sale under execution of a bene-
ficiary's interest in lands held in trust for him, has no application
when the trust is an active one, as where the trustees hold the
property with power to sell any part of it, reinvest the proceeds,
collect rents, pay taxes and insurance and can pay only the net
income to the beneficiary or his heirs.

2. CHANCERY PLEADING AND PRACTICE. *Cross-bill. Matters not germane.*

In a suit to enjoin an execution sale of a beneficiary's interest in
property held in trust, a cross-bill, seeking to compel the trustees
to pay the judgment against the beneficiary from the income of
the property due or to become due him, introduces new matter
not germane to the bill, and is demurrable on that ground.

FROM the chancery court of Lowndes county.

HON. JAMES F. McCOOL, Chancellor.

Hahn and others, appellees, were complainants in the court
below; Stansel and others, appellants, were defendants there.
From a decree in defendants' favor, sustaining a demurrer to
a cross-bill, the complainants appealed to the supreme court.
The facts are stated in the opinion of the court.

*James T. Harrison,* for appellants.

The law favors the vesting of remainders absolutely rather
than contingently, and at the earliest possible period, and pre-
sumes that words of postponement relate to the beginning of
the enjoyment, and not to the vesting of the estate. *In re
Carney Estate,* 86 N. E. 400. A remainder created by a
will is never considered as contingent where it may fairly be
construed to be vested, since the law favors the vesting of re-
mainders. *Doscher v. Wykoff,* 113 N. Y. S. 655; *McDaniel
v. Allen,* 64 Miss. 417.

The only authority cited by appellees is *Leigh v. Harrison*, 69 Miss. 936, 11 South. 604. In that case the court quoted Code 1906, § 2779, and Code 1892, § 2449: "Estates of any kind, holden or possessed in trust for another, shall be subject to the like debts and charges of the person to whose use or for whose benefit they are holden or possessed as they would have been subject to if the person had owned the like interest in the thing holden or possessed as he may own in the use or trusts thereof, whether the trust be fully executed or not, and may be sold under execution at law, so as to pass whatever interest the *cestui que trust* may have;" and the court then said: "The effect of this statute is to subject equitable assets to sale under execution at law." Harrison, in the case cited, had no interest whatever in the *corpus*, whereas the trustees in the present case, are merely agents appointed to manage the property for a certain number of years and then turn over one fourth of the *corpus*.

In *Prewitt v. Land,* 36 Miss. 506, it is said: "Where the legal title is vested in a trustee for the benefit of a married woman and by the terms of the instrument a separate estate in the use and enjoyment of the property itself as well as the proceeds and income, is secured to the wife; she may, in such case, in equity charge the estate or corpus, as well as the proceeds." In the same opinion on page 507, the court further says: "Nor will the court look to the future, in the exercise of its power, but it will regard with favor the claims of those whose generosity or charity has led them to relieve the wants and necessities which the trustee should have satisfied out of even the body of the estate itself, if it could not have been done otherwise."

In *Stern Bros. v. Hampton,* 73 Miss. 565, it is said: "There is no provision in this will against alienation or anticipation, nor for the forfeiture. The whole equitable interest is vested in the children and widow. No one else has any interest

therein. There is no devise over and hence, we are unable to see why the children could not convey their equitable interest to the mother, and why she could not then validly make the mortgage to the Lombard Investment Company. The beneficiaries have what Mr. Justice Miller, in *Nichols v. Eaton,*. calls 'substantial rights,' which the appropriate court would enforce in their favor on demand." Gray on Restraint of Alienation, § 116; *Presley v. Rodgers,* 24 Miss. 525; *Crawford v. Engram,* 45 South. 584; *Dunkerson v. Goldberg,* 162 Fed. Rep. 120; *Mautz v. Kitzler,* 221 Pa. 142; *Kenyon v. Davis,* 219 Pa. 585; *In re Backer,* 112 N. Y. S. 221; *Birbeck v. Wadsworth,* 222 Pa. 154; *In re Haggerty,* 112 N. Y. S. 1017; *Golliday v. Knock,* 235 Ill. 412; *Tatum v. McClellan,*. 50 Miss. 1.

Appellees' demurrer to appellants' cross-bill should be overruled. It was a bill for discovery. It asked for an accounting; and also an impounding. It charged a breach of trust, an appropriation of the trust funds, a concealment of the trust funds, and a failure to provide Aaron Hahn with his fourth part of the income and an appropriation of the same to the use and benefit of the trustee. *Banking Co. v. Field,* 84 Miss. 646; *Shirley et al. v. Fearne,* 33 Miss. 652; *Taylor v. Mitchell,*. 1 How. 569; *Quitman County v. Stritze,* 69 Miss. 460; *Millsaps v. Pfeifer,* 44 Miss. 805.

We deny that new and distinct matter cannot be presented in a cross-bill. We find in *Dewees v. Dewees,* 55 Miss. 318, the following statement of this court: "We think it was proper to retain the cross-bill until final hearing. The general equity rule is that the dismissal of the original bill carries with it the cross-bill (here the original bill was retained) but, as said in *Ladner v. Ogden,* 31 Miss. 332, this result will not necessarily follow where the cross-bill is filed for relief separately and independent of the original bill, though touching the same

property or growing out of the same subject matter involved in the original bill."

In *Thomas v. Neeley,* 50 Miss. 314, it was held that the defendant might introduce new matter material to his defense, and call upon the complainant to answer the same on oath, which the complainant must respond to.

Code 1906, § 587, provides that a defendant in a chancery suit may make his answer a cross-bill against complainant, or his co-defendant or defendants, or all of them; and may introduce any new matter therein material to his defense and require the same to be answered.

*William Baldwin,* for appellees.

If the ownership by these trustees were simply that of a dry or passive trust, with the whole beneficial interest in the *cestui que trust,* then the property would be subject to sale as being the property of the *cestui que trust.* But we have no such case here. The trustees are given expressly the legal title to the property, and that for an express purpose. They can sell the property at public or private sale, at any moment change absolutely the whole investment of the estate, convert it into money, and reinvest it in anything anywhere. They are to manage it, control, rent it, repair it, insure it, pay all the expenses incidental to its management, in its different changing forms, including commissions to themselves; and after all this is done, in their discretion, and as they choose, then one fourth of the remainder of the net income is to be applied by them to the beneficiary, Aaron Hahn. Not a particle of the *corpus* of this estate is given to Aaron Hahn; his sole right is in the income; and his sole right is to the income after the whole estate's expenses, of whatever kind and character, its profits and its losses having been ascertained, then his rights arise as to certain portions of the remainder. And we call the

attention of the court to this feature of the will, namely, that no power over the estate is given to Aaron at all along with the trustees to manage it, but the property itself is given to the trustees, linked with the interest of others in addition to Aaron.

Then appellants, by way of answer and cross-bill, present an entirely new front. The gist of the cross-bill is, that the court will compel these trustees to come into court and make known their whole administration of the estate, and that the court will make them pay these judgments against Aaron. The proposition now submitted to the court is that this cannot be done by cross-bill. If these appellants have any just or lawful claim against Samuel J. Hahn and Mrs. Rosa Hahn as executors or trustees of S. L. Hahn, they must go into the court at Mobile, Alabama, whose officers S. J. Hahn and Mrs. Rosa Hahn are, and in which court the estate of S. L. Hahn is being administered, and no doubt the court of Alabama will give them even and exact justice. These appellants are endeavoring by way of cross-bill, to drag these officers of the Alabama court into the Mississippi court to review their administration here. This cannot be done.

The issue presented by the original bill in this cause was that appellants had no right to levy upon the store house. The cross-bill prays that the executors and trustees exhibit the whole history of their administration of the trust, and be made to pay off these judgments. A cross-bill should not introduce new matter not embraced in the original bill, for as to such new matter it is an original bill, and cannot properly be examined at the hearing of the original bill. Story, Equity Pl. (5th ed.), § 401.

A cross-bill is a matter of defense. It cannot introduce new matter not embraced in the original bill, and if it does so, no decree can be founded on these matters. *Gilmer v. Pelham,* 45 Miss. 630; Code 1906, § 587.

Purely legal demands, not enforceable in a court of equity, cannot be made the subject of a cross-bill. *Wright v. Prank,* 61 Miss. 32; *Gilmer v. Feldhour,* 45 Miss. 631.

SMITH, J., delivered the opinion of the court.

S. J. Hahn, deceased, by his last will and testament, devised certain property to appellees, in trust for his two sons, Moses A. Hahn and Aaron M. Hahn, share and share alike. Item 4 of this will is as follows: "The property hereinbefore devised and bequeathed to Rosa Hahn and Samuel J. Hahn as trustees for Moses A. Hahn and Aaron M. Hahn, said trustees are to hold, manage, and dispose of, collecting the rents and incomes, changing the investments, selling, and conveying the whole or any portion thereof from time to time, and doing any and all things necessary for the prudent management of said property, and for the carrying out of the terms of said trust. Said trustees shall not be answerable to any court for the manner in which they discharge their duties as trustees, nor shall they give bond or security as such trustees. Said trust shall continue for ten years after the death of my wife, provided that said trust shall terminate at all events at the expiration of twenty years after my death. The net income of said property, after paying taxes, insurance, repairs, and other expenses of keeping up the property and the expenses of administering the trust, shall from year to year be paid, share and share alike *per stirpes,* to Moses A. Hahn or his heirs and Aaron M. Hahn or his heirs. At the time fixed for the termination of said trust the trustee shall settle the trust giving to each beneficiary his portion of the property. Should the trustees deem it for the best interest of said Moses A. Hahn and Aaron M. Hahn, said trustees may turn over to said Moses A. Hahn and Aaron M. Hahn a portion of the *corpus* of the trust property before the time arrives for the termination of

the trust. Thereafter said trustees shall make their or his annual and final settlement with the beneficiaries of said trust in proportion to their interest in the *corpus* of the trust property."

Afterwards, Aaron M. Hahn becoming indebted to appellants, they sued at law and obtained judgments against him. Executions were issued on these judgments, and the sheriff of Lowndes county was proceeding to sell the interest of Aaron in certain property devised to appellees in trust as aforesaid. Thereupon appellees filed their bill in the court below, alleging that this property was not subject to sale under execution, and praying that same be enjoined. Appellants demurred thereto, which demurrer was overruled. Appellants then filed an answer and cross-bill, alleging that the income due said Aaron from said estate was sufficient to support him and pay all of his debts, and praying that appellees be decreed to give a full account of their management thereof, and they be ordered to pay off and discharge said judgments. This cross-bill was demurred to on the ground that it presented new matter not germane to the original bill, and the demurrer was sustained. The chancellor thereupon granted an appeal to this court to settle the principles of the cause.

The decree of the chancellor was correct in both instances. Section 2779 of the Code of 1906, which subjects equitable assets to sale under execution at law, has no application to an active, as distinguished from a dry and passive, trust. *Leigh v. Harrison*, 69 Miss. 936, 11 South. 604, 18 L. R. A. 49. Under the will quite a number of duties, with some discretion relative to a portion thereof, devolved upon the trustees. They were to hold and manage the property, collect the rents, sell any portion thereof, and change the form of the investment when necessary, and pay taxes, insurance, and the expense of repair and keeping up the property. "Amongst the active trusts had always been classed that to receive and pay over the

profits to another, in which case the land must remain in the trustee to enable him to perform the trust. So where it is the testator's intention or where it is necessary for the accomplishment of any object of his will, that the legal estate or possession of the land should remain in the trustee for the purpose of administering the trust. So, also, where the trustee is to dispose of the property, or pay the rents over to the *cestui que trust,* or apply them to his maintenance, or to make repairs, or to pay annuities, or to manage the estate as he should think best for the interest of the *cestui que trust,* or to pay the rents to a married woman, or suffer her to receive them." *Barnett's Appeal,* 46 Pa. 392, 86 Am. Dec. 502. Aaron's interest in this property, therefore, was not subject to sale under execution.

The cross-bill introduced entirely new matter, neither necessary for appellants' defense nor in any way germane to the only matter involved in the original bill, to wit, the enjoining of the sale of this property under execution.

*Affirmed* and *remanded* for further proceedings.

*Affirmed.*