C. T. MITCHELL *et al v.* CHOCTAW BANK.

[65 South. 278.]

TRUSTS. *Construction. Interest of cestui que trust. Rights of creditors.*
Where testatrix devised all her property to her husband in trust for her children, giving him power to use, control, manage, exchange and sell it or any part thereof and to make deed to the same, until each of the children should arrive at the age of twenty years, when it should be equally distributed among those living, and directing him in the meantime to support them out of the income, a child did not have such an interest in the property as could be subjected by a creditor to the payment of his debt, nor could the court enter a decree directing payment out of the amount which would be due such child when the time for distribution arrived.

APPEAL from the chancery court of Union county.
HON. J. Q. ROBINS, Chancellor.

Bill by the Choctaw Bank against C. T. Mitchell and others. From a judgment overruling their demurrer, defendants appeal.

The facts are fully stated in the opinion of the court.

*Jones & Knox,* for appellant.

The will made an exhibit to the bill creates an active trust, and if the defendant, C. T. Mitchell, in the court

below, had any interest in the estate under the said will, the court will not condemn it for the sale of his debts. *Stancel et al.* v. *Hahn et al.,* 69 Miss. 616; *Hill* v. *Fuller et al.,* 39 So. 53; *Murdock* v. *Murdock,* 97 Miss. 690. Appellant, C. T. Mitchell, under the will, will inherit part of the estate if he should live until the youngest child becomes of age, and there is any part of the estate on hand at that date. Where there is only a contingent estate and that estate is under a will which creates an active trust, then said estate cannot be condemned for the debts of the legatee under said will.

To carry out the prayer of appellee's bill would be to tie the hands of the executor under said will, becloud the estate, and virtually tie up the property under said active trust. See authorities above. The purpose of the will, made an exhibit to the bill, was that said estate should be used to support and maintain the children of the executrix, and no part of said property should be condemned for debt. *Leigh* v. *Harrison,* 69 Miss. 923.

*Anderson & Long,* for appellee.

There is no doubt that the will creates an active trust, but this does not necessarily mean that whatever interest C. T. Mitchell has in the property cannot be reached by his creditors. It is not a "spendthrift" trust, and has none of the ear-marks, and not attempted to be made such by the testatrix. It may be that the court will not condemn the interest of the appellant, C. T. Mitchell, for sale to pay his debts, but under the prayer for general relief, the court does not have to do this, but has the power and right, and it is its duty to do so, to solve this matter so as not to interfere with the trust, and merely order the trustee, when the time arrives for the distribution of the estate, to pay to appellee its debts and costs of this cause, before he pays anything to C. T. Mitchell or his assignees.

Let us see what interest, appellant, C. T. Mitchell, has in this property; the bill states, and the demurrer con-

fesses, that his interest is worth fifteen thousand dollars, and it is a well-known rule of construction, that in the ascertainment of what equitable title a party has to property, the same rules of construction are applied, as are applied in arriving at the character of legal title held by a party to property; 39 Cyc., page 228, sub-section 3.

Chancery is the proper and only forum in which the rights of appellee could be enforced in this matter. It is the only court that can protect the rights and interest of all parties. The legal title to this property is now in the trustee, and will so remain until the youngest child of the testatrix arrives at the age of twenty-one years. This legal title vested in the trustee immediately upon the death of the testatrix. The trustee, under the will, has no equitable estate, but only the legal title, with the power and authority to do the acts in reference to the property, of which the testatrix died seised and possessed, set out in the will. The equitable title to the one-sixth interest of C. T. Mitchell, immediately upon the death of his mother, vested in him, and this equitable title was perfected in fee simple, subject only to be defeated on the death of the said C. T. Mitchell before the youngest child of the testatrix arrives at the age of twenty-one years. In other words, it was a condition subsequent and therefore, the equitable title vested in C. T. Mitchell to the one-sixth interest in his mother's estate (there being six children at the time of her death), immediately upon her death. The only condition upon which this equitable title could possibly pass out of him, would be his death before the youngest child of the testatrix arrived at the age of twenty-one years. *Presley* v. *Rogers,* 24 Miss. 523. In the case of *Lee* v. *Harrison,* 69 Miss. ——, the will created what is known as a "spendthrift" trust, was upheld and relief to the creditors denied, but in the last paragraph of the opinion, bottom of page 938 and top of page 939, the court practically says that if the question had been presented to the court, that

the income from the estate was more than sufficient to support the beneficiary in the will; that the claim could be and would be adjusted by a court of chancery, to the claim of creditors. There was no question about the trustee in this case being in active charge with all kinds of power under an active trust.

As illustrative and instructive of the kind of an estate now held and so held by appellant, C. T. Mitchell, in this property by virtue of his mother's will since her death, see; Column 1, 31 N. E. Rep., p. 916. The case of *Stancel et al.* v. *Hahn et al.,* 96 Miss. 616, cited by appellants, was an attempt to sell, under execution at law, the equitable interest of a beneficiary in trust property, where there was an active trust, and has absolutely no application to the principles involved in the present case. It was an attempt under an active trust, and, it has been repeatedly held that this section cannot be proceeded under, to subject interest so held. We confess that we are unable to see what application the case of *Murdock* v. *Murdock,* in 97 Miss. cited by appellants, has to the present case. The case of *Hill* v. *Fulmer et al.,* cited by appellantes, in 39 So. 53, would be applicable, if this were a proceeding to attempt to subject any interest that one of the children of appellant, C. T. Mitchell, might have in said property, in case of the death of its father before the youngest child of the testatrix became twenty-one years of age. This was also an attempt to sell, under execution at law, instead of by proceeding in chancery.

There are two well-defined classes of trust estates. One, in which the trust is a mere or passive trust, in which the trustee has the bare, naked legal title, with no duties to perform, and a trust estate so created, may be sold under execution at law, as provided by our statute, and as repeatedly decided, this is the only kind of trust estate that can be reached by execution.

An equitable interest held by a beneficiary under an active trust, can only be reached by proceedings in eq-

uity, and can always be reached, if the beneficiary has a present, valid, equitable interest, and the subjection of the same will not interfere in the execution of the trust, unless the trust created is what is known as a "spendthrift" trust.

Let us see if a court of equity has the power to protect the rights of this creditor of appellant, C. T. Mitchell, and at the same time, not interfere with the execution of the trust by the trustee. It may be that if this interest was actually sold out, and an attempt was made to put the purchaser in possession of the property, then this would interfere with the trustee, but it is not to be presumed that the court will order this done, when the prayer of the bill is for general relief, and the court could simply declare a lien in favor of appellee, for the amount of its debts, with interest and the costs, and order the trustee, when the time arrives for the distribution of said estate, before paying appellant, C. T. Mitchell, or his assignees, anything to first pay off and discharge the debt of appellee, or the court could make an order that the trustees go ahead with the administration of the trust estate, and when same was divided, and the share or interest of appellant, C. T. Mitchell, was ascertained and set aside, that it would be held by the said C. T. Mitchell, or his assignees, subject to lien in favor of appellee for the amount of its debt, etc., and perhaps there are other safe and satisfactory ways in which the rights of all parties could be protected and the discharge of the duties of said trustee be interfered with in no way at all.

REED, J., delivered the opinion of the court.

Appellee, the Choctaw Bank, filed its bill in chancery court, seeking to subject the interest of appellant C. T. Mitchell in the estate bequeathed and devised by his mother, Mrs. Mattie R. Mitchell, to the payment of the indebtedness owing by him to appellee. To show the

interest of C. T. Mitchell in the estate, we quote from his mother's will as follows:

"I will and bequeath unto all my children, jointly, who may be living at my death, the following real estate in Union county, Mississippi, to wit: (Here follows the description of the land.) Also all my personal estate which I may own and possess at the time of my death, it being my desire and intention to give all my property real and personal of every kind and description, which I may own at my death, or have any interest in, to all of my children then living, jointly and equally.

"I hereby appoint my husband, Geo. S. Mitchell, trustee, for all of said children, to take at my death charge and control of all of my said property mentioned in this will, and direct and empower him to use, control, manage, exchange and sell it, or any part of said property, as in his judgment may be best for the interest of my children, he to support them out of the same, and to do with the same as he thinks best for them, and he is hereby authorized to sell, make deeds, give receipts and as fully control, manage, receive and in any way dispose of any and all of said property, as he in law could do if it were his own absolutely, in fee simple, without any order of any court, and he is not to account to any court for the same in any manner whatever, nor is he to be liable for any loss or damage or mistake in the management of said property to any one.

"The said Geo. S. Mitchell is to control said property as set forth in item II of the will, until all my children are twenty-one years of age, and then divide the same equally among them, and if any die leaving children, then their children to have the share of their parent.

"I hereby appoint my husband, Geo. S. Mitchell, my executor to carry out this will, and he shall not be required to give any bond or security as such, nor to report or account to any court whatever, as such executor, but in all connected with the same, he is to use his best

judgment and do what he thinks is best for all parties in interest.''

The bill prayed for an accounting from Geo. S. Mitchell, who is in active charge of the estate as trustee and executor, showing what property he held and the income therefrom. There is also in the bill a prayer to cancel certain assignments and transfers made by C. T. Mitchell to his wife and to a firm of attorneys. The prayer of the bill then continues as follows:

''And that the interest of the said C. T. Mitchell in said property be condemned to be sold to pay complainant's said debt, interest, attorney's fees, and cost of this cause, and that, if necessary, a sufficient amount of what is now in the hands of Geo. S. Mitchell, as executor and trustee, be condemned to be paid by him to this complainant to pay its said debt, interest, attorney's fees, and court costs in this cause.''

The bill also contains a prayer for general relief.

Appellants filed an answer, denying fraud charged in appellee's bill, and also filed a demurrer to the bill. From the decree of the chancery court, overruling the demurrer, this appeal has been prosecuted.

The will created an active trust, which is now in the course of operation. A beneficiary's interest, such as that shown in this case, is not subject to sale under execution. *Presley* v. *Rogers,* 24 Miss. 520; *Hill* v. *Fulmer,* 39 So. 53; *Stansel* v. *Hahn,* 96 Miss. 616, 50 So. 696. There can be no interference with the execution of the trust created by the will. The trustee is given complete charge, control, and management of the estate. What he is to do, for the interest of the beneficiaries, and in managing and disposing of the property, is committed to his judgment. He is directed to support the beneficiaries, the children of the devisor, out of the estate; but the control and disposition of all of the property is given to him fully, and just as if it were his own, absolutely, in fee simple. He can act without order of court, and

is relieved from accounting in any manner whatever, and from liability for loss or damage or mistake in the management of the property. A wide discretion is conferred upon him.

C. T. Mitchell, upon the death of his mother, was vested with an equitable title in one-sixth interest of the property left by her, subject to be defeated by his death before her youngest child reaches the age of twenty-one years. Until the time for distribution arrives, he has no right to receive any part of the estate, other than that which might be expended by the trustee for his support. During the time he cannot have set apart to him any share of the property. He has no right to use, or to control, manage, or dispose of, any of the property devised. He has only a beneficial interest, which will not ripen into a legal title until his mother's youngest child shall reach legal age. Until then the trustee has unqualified authority and power in the possession, use, management, and disposition of all of the property. This express trust in property was given by the owner thereof in her last will and testament.

"The owner of property may, in the free exercise of his bounty, so dispose of it as to secure its enjoyment to the objects of his bounty, without making it alienable by them, or liable for their debts, and this intention, clearly expressed by the founder of the trust, must be carried out by the courts." 1 Perry on Trusts, sec. 386a; *Nichols* v. *Eaton,* 91 U. S. 716, 23 L. Ed. 254.

A donor may make such disposition of his property and provision for the application of the revenues therefrom for the support of his beneficiaries, and bestow upon the trustee such discretion as to render the estate, or the interest of a beneficiary therein, not liable to be subjected to the payment of the beneficiary's indebtedness. A donor has the right to devise his property for such purpose that neither the beneficiary nor his creditors can divert the property from the appointed purpose. 1

107 Miss. 21

Perry on Trusts, sec. 386a.   We quote from 38 Cyc. 238, the following:

"Where the property is held in trust to receive the rents or income thereof, and to apply such rents or income to the support of the *cestui que trust,* who consequently has no present right of enjoyment or power of alienation, his interest in such property cannot be reached by his creditors."

There can be no question as to the right of Mrs. Mitchell, the devisor, to dispose of her property as she has done in her will. *Leigh* v. *Harrison,* 69 Miss. 923, 11 So. 604, 18 L. R. A. 49.   It is clear to us that the prayer of the bill asking that the interest in the estate of C. T. Mitchell be condemned to be sold to pay appellee's indebtedness, and that a sufficient amount in the hands of the trustee and executor be condemned to pay such indebtedness cannot be granted and carried into effect.

It is suggested by counsel for apppellee that the chancery court has the power to enter decree for relief of appellee and to insure the collection of its indebtedness against C. T. Mitchell by directing a payment of the amount which will be due him when the time arrives for the distribution of the estate, and by subjecting his interest in the estate for that purpose in such manner as not to interfere with the trust.   They further suggest that a lien could be declared on the interest of C. T. Mitchell in favor of appellee for the amount of the indebtedness owing.

We have carefully considered these suggestions.   We do not see how they can be put into effect.   It appears to us that the chancery court is powerless to enter a decree which would be effective.   C. T. Mitchell's interest is uncertain and contingent.   Its value now cannot be ascertained.   Until the time for distribution under the will arrives, he will only receive such amount as the trustee may give him for his support.   There is no provision for payment to him of any surplus from the income.   If he

dies before the time for distribution, there is nothing
from the trust for his estate.   He has not such property
under the will as may be impressed with a lien.   The
amount which he may eventually receive from the trustee
is so uncertain, contingent, and speculative as hardly
to be the subject for the court's disposition by decree.
The attempt to enforce such orders as are desired by
appellee will result in the interference with the execution
of this active trust.   We believe that the chancellor
should have sustained the demurrer.

   Reversed, and decree entered here sustaining the de-
murrer and dismissing the bill.

*Reversed.*