CALHOUN *v.* MARKOW *et al.*

(Division B. Dec. 11, 1933.)

[151 So. 547. No. 30892.]

Lotterhos & Travis, of Jackson, for appellant.

Howie & Howie, of Jackson, for appellees.

May, Sanders, McLaurin & Byrd, of Jackson, for appellees.

Argued orally by **Fred Lotterhos**, for appellant, and by **J. H. Howie** and **W. B. Fontaine**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

On November 3, 1930, Mrs. Sophie Lasunsky executed a trust instrument to the Merchants' Bank & Trust Company, for the benefit of Mrs. Dora L. Markow, her daughter, reading as follows:

"This indenture made this the 3rd day of November, 1930, between Mrs. Sophie Lasunsky, of Jackson, Mississippi, party of the first part, and The Merchants Bank and Trust Company, a corporation organized and existing under and by virtue of the laws of the State of Mis-

sissippi, with its domicile and chief place of business in Jackson, Mississippi, hereinafter called the 'Trustee,' party of the second part.

"Whereas, the party of the first part hereto desires to create a trust for her daughter, Mrs. Dora Markow, of the property and for the purposes hereinafter mentioned;

"Now, therefore, this indenture Witnesseth; That, in consideration of the premises, the mutual covenants herein contained, and of other good and valuable considerations, and of the sum of ($1.00) One Dollar to her in hand paid by the party of the second part at or before the execution and delivery of these presents, the receipt whereof is hereby acknowledged, the party of the first part has granted, conveyed, assigned, set over and delivered and by these presents does grant, convey, assign, set over and deliver unto said party of the second part, its successors and assigns, the following described property and securities, to-wit:—

County of Hinds, State of Mississippi, Road
  Bonds Supervisors District Nos. 1 and 5,
  Nos. 172, 173, 176, 177 and 178        $ 2,500.00
City of Jackson, Mississippi, special Street Im-
  provement Bonds Nos. 38 and 39        2,000.00
City of Canton, Mississippi, 5% Funding Bonds
  Nos. 20 and 21        2,000.00
Certificate No. 5311 for 20 shares The Building
  & Loan Association of Jackson, Mississippi,
  stock        2,000.00
½ interest in United States First Liberty Loan
  Converted Bond No. A 00001151, for $10,-
  000.00        5,000.00
Cash from Savings Account No. 1742 of The
  Merchants Bank & Trust Co., Jackson, Miss.,
  in the name of Mrs. Sophie Lasunsky        4,500.00

             Total        $18,000.00

"Together with all of the estate and rights of the party of the first part.

"To have and to hold all and singular the above granted and described property and securities unto said party of the second part, its successors and assigns, in trust, nevertheless, for and upon the following uses and purposes, and subject to the terms, conditions, powers and agreements herein set forth;

"1. To receive, hold, manage, sell, invest and reinvest the same and every part thereof in the manner hereinafter specified, and to collect, recover and receive the issues, interest, income and profits thereof, hereinafter called 'Income,' and after deducting the commissions of the trustee as hereinafter provided, and the proper and necessary expense in connection with the administration of the trust, to pay the 'income' in quarterly installments of equal amounts, or as nearly equal as possible, unto my daughter, Mrs. Dora Markow, of Jackson, Mississippi (who was thirty years of age June 7, 1930) until my said daughter attains to the age of forty years on which date or as soon thereafter as practical, one-half of the hereinbefore described property and securities, either in their present form or reinvested form, shall be forthwith delivered to my said daughter as her sole and absolute property, and likewise when my said daughter attains to the age of forty-five years, the remaining one-half of said property and securities, either in their present form, or reinvested form, shall be forthwith delivered to my said daughter, as her sole and absolute property. However, until my said daughter attains to the ages herein mentioned she is to have no interest in the said property except to receive the income therefrom, and she is not invested with any power or authority to sell, pledge, assign or encumber the same or any part thereof, or any income therefrom, and neither said property nor the said income shall ever become in any way liable for any debts or obligations whatsoever which may become due or owing by my said daughter.

"If my said daughter shall die prior to attaining to the age of forty-five years, then all of the said trust property in the hands of said trustee shall belong to the then living child or children of my said daughter, and the trustee shall immediately distribute the same to such child or children or to the guardian of such child or children, who have not attained to the age of twenty-one years. The maker of this trust does not reserve the power to dispose of the hereinbefore described property, either in its present or future invested form, in any way, but this deed in trust and conveyance and assignment to said trustee, or successor, is absolute and irrevocable.

"2. The trustee is authorized and empowered to retain any and/or all of the property and securities hereinbefore described in their present form. The trustee is hereby authorized and empowered from time to time to sell any of the property or securities hereinbefore described and to invest and reinvest such property and securities, with full power of sale in connection therewith, in such securities and such new securities as it may deem suitable for the trust; but in the acquiring of new securities, the trustee shall invest only in solvent securities.

"The Trustee has Bond Department in its banking business, and there is no objection to the trustee acquiring for this trust bonds and securities from the Bond Department of The Merchants Bank & Trust Company, provided such securities are sold to the trustee in this trust on the same terms and conditions that such securities are offered to the public.

"No purchaser upon any sale by the Trustee shall be bound to see to the application of the purchase money arising therefrom, or to inquire into the validity, expediency or propriety of any such sale.

"3. The trustee may, in its sole discretion, cause the securities which may, from time to time, comprise the trust fund, or any part thereof, to be registered in its name as trustee hereunder, or to take and keep the same

unregistered and to retain them, or any part thereof, in such condition that they will pass by delivery.

"4. The trustee shall be entitled to receive as compensation for its services in the administration of this trust a commission of five per (5%) cent of the annual income received from the corpus of the trust property, and is hereby authorized to deduct such commission before paying the income as hereinbefore provided. The trustee shall also be entitled to a commission of three per cent (3%) of the value of the corpus of the trust property as hereinbefore described, which shall be paid when and as the trust shall terminate.

"5. The party of the first part covenants and agrees to make, execute and deliver in due form of law such other and further assignments, conveyances and other instruments as the trustee may deem requisite or necessary to effect the purposes hereof.

"6. The trustee is further authorized and empowered to pay out of the 'income' received from the trust fund any and all taxes which properly may become payable from time to time under the laws of the United States, or of any State, county or municipality, on said trust property, or for any transfer thereof, or transaction affecting the same, and to affix and cancel tax stamps in accordance with the provisions of said law.

"7. The trustee by joining in the execution of this instrument signifies its acceptance of the trust.

"8. It is mutually agreed that these presents shall extend to and be obligatory upon the executors, administrators, legal representatives and successors, respectively, of the parties hereto.

"9. In the event of the resignation of the trustee herein named, or its dissolution, the Chancellor or the Chancery Court of the First District of Hinds County, Mississippi, is authorized and empowered to appoint a successor Trustee, giving preference, however, to some bank or trust company qualified to administer trusts.

"10. This instrument is made in duplicate, each of which is an original, but both taken together shall be deemed one and the same instrument.

"In witness whereof, the party of the first part has hereunto set her hand, and the party of the second part has caused these presents to be signed by its active vice president and trust officer, and its corporate seal to be hereunto affixed as of the day and year first above written."

Mrs. Dora Markow was adjudged a bankrupt, and the appellant, Leonard Calhoun, was appointed trustee in bankruptcy, and on October 22, 1932, filed a bill in the chancery court of Hinds county, setting up that Mrs. Markow had been duly and legally adjudged to be a bankrupt in the District Court of the United States for the Southern District of Mississippi, and that he had been appointed trustee and had qualified as such; that Mrs. Dora Markow, prior to the bankruptcy proceedings, had conducted the Bargain Department Store in the city of Jackson, Mississippi; that the appellant trustee was engaged in collecting the assets of Mrs. Dora Markow, and that, as trustee, he was entitled to benefits under the trust instrument above quoted, and praying for relief accordingly.

A demurrer was filed to said bill setting up that there was no equity therein, and other grounds, which demurrer was by the chancellor overruled. The chancellor rendered a written opinion holding that the trustee was entitled to the relief prayed for, and that the trust instrument covered a vested estate in Mrs. Dora Markow.

Thereafter, an answer and cross-bill to the original bill were filed, as were also other pleadings thereto, and the cause again came on for trial, and the chancellor changed his opinion as to the trust instrument, holding that the creditors of Mrs. Dora Markow were not entitled to any benefits under the trust instrument, and dismissed the bill.

We think the decree of the chancellor dismissing the bill and denying the relief prayed for was proper under the principles announced in Leigh v. Harrison, 69 Miss. 929, 11 So. 604, 18 L. R. A. 49; Stansel v. Hahn, 96 Miss. 616, 50 So. 696; and Mitchell v. Choctaw Bank, 107 Miss. 314, 65 So. 278. In our opinion, these cases control the present trust, and we will not enter upon a review of decisions of other jurisdictions upon the subject. The court in Leigh v. Harrison, supra, reviewed the authorities, and we are bound by the principles then announced, and think they are perfectly consistent with the principles of law prevailing in this state.

It will be noted from reading the trust instrument set out above that the trust is an active trust, and is to continue, at all events, until 1940, unless Mrs. Dora Markow should die before that date. The trustee is given the power to invest and reinvest the securities at his discretion. Should Mrs. Dora Markow die prior to 1940, the property conveyed to the trustee would go to her child or children. Should she live until that date, her title to the portion of it would then come into existence. The instrument shows that she was born on June 7, 1900, and consequently, her right to the property could not become effective until that date. On reaching the age of forty years, she would then become entitled to one-half of the property then in existence, whether it represented the original property of such property as the trustee had acquired by reinvestment. On reaching the age of forty-five years, the remaining one-half of the property, in its present or reinvested form, should be delivered to her as her absolute and sole property. Until she reaches the age of forty years, the property does not vest in her, but remains in the trustee, with full and complete power to sell, pledge, or encumber.

The answer and cross-bill set forth reasons for the execution of the trust instrument, but we think it is immaterial to set them forth. We think the chancellor was

correct in his holding that neither the property nor the income were subject to her debts. The property covered by the trust instrument belonged to Mrs. Lasunsky, and she could deal with it as she pleased, provided it did not infringe any of the provisions of law; and the decisions in this state show that a trust of this kind is lawful and that it is permissible for a parent to place property in the hands of a trustee to secure a child from poverty, want, or misfortune, and to provide for the necessities of life for such child. A creditor has no right to look to property in such a trust for the satisfaction of his demands. Creditors are charged with a knowledge of the law and the provisions of such trusts.

The judgment of the court will be affirmed.

Affirmed.