507 So.2d 24 (1987)
ESTATE OF Helen Josephine WAITZMAN.
Howard DAVIS
v.
Barbara DAVIS.
No. 56134.
Supreme Court of Mississippi.
February 11, 1987.
Rehearing Denied June 3, 1987.
Robert W. Brumfield, Brumfield & Austin, McComb, Robert E. Williford, Jackson, for appellant.
Edwin C. Ward, III, Adams, Forman, Truly, Ward, Smith & Bramlette, Natchez, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
Defendant herein, Barbara Davis, is the proponent and executrix of a will probated in Dade County, Florida, where the decedent and testatrix of the instrument in question resided at the time of her death. Plaintiff, Howard Davis, contested the validity of the will upon its admission to probate therein upon the grounds of testamentary capacity and undue influence. The Florida court ruled against him and in favor of the validity of the will.
Thereafter, plaintiff filed a petition in the Chancery Court of Amite County, Mississippi, asking that the will of Helen Josephine Waitzman be probated in Mississippi. The will was admitted to probate and Barbara Davis was again named executrix. Plaintiff then filed a contest of the will on the grounds of lack of testamentary capacity and undue influence. Defendant filed a motion for summary judgment showing in support thereof that plaintiff had already contested the will in Florida on the same grounds and lost, and was thereby collaterally estopped from contesting the will in Mississippi.
At the hearing on the motion for summary judgment, the parties stipulated that should the court determine that certain beneficial interests owned by decedent and bequeathed in her will constitute real property, another contest of the will could be *25 had in Mississippi, but if such interests were personal property, no such contest could be made. The court found that said interests constituted personal property, and defendant's motion for summary judgment was sustained. Plaintiff, Howard Davis, appeals, but for the reasons stated heretofore we affirm the chancellor's decision.
At the outset we would note that our concern lies with legal precedent rather than with the stipulation reached by the individual parties mentioned above. Too, while we are mindful of the argument of defendant and appellee herein setting forth the principle of collateral estoppel, we may not decide in her favor using its persuasion. Rather, our disposal of the issues presented before us today is founded in certain facts of the case coupled with our laws on real and personal property.
The pertinent facts are as follows:
On September 23, 1933, Mrs. Helen Jo Anderson Davis (later known as Mrs. Helen Josephine Waitzman), and others, conveyed certain oil, gas and minerals in Amite, Wilkinson, Franklin, and Jefferson Counties, Mississippi, to one E.V. Mosely, in trust, pursuant to a Declaration of Trust to be executed by him.
The Declaration of Trust executed by Mosely on September 23, 1933, and entitled Magnolia State Oil and Land Co., declared that he, Mosely, held the title to said oil, gas and minerals in trust for the beneficial holders of certain certificates issued and executed by him as trustee, one of said certificates being issued to Mrs. Helen Jo Anderson Davis. The trustee also reserved the right to dispose of all or any part of the corpus of the trust, subject to approval of an executive committee, and to make additional purchases of property for the trust. The instrument further declared that the trust would continue unless discontinued by sale of the trust property in toto, or after a period of 99 years, at which time,
The Trust shall cease, and all lands, mineral rights, titles and interest, or other assets of the Trust shall become the property of the person, persons, corporations or Trust Estates then holding said beneficial interest or beneficial certificates, whose title shall be that of tenants in common.
At her death it was shown Waitzman owned a 17 1/3% beneficial interest in the trust.
It is a general rule that judgments entered in courts of a sister state, when sought to be made the judgment of another state, may only be attacked for lack of jurisdiction, otherwise they must be given the same effect as a domestic judgment. Galbraith & Dickens Aviation Insurance Agency v. Gulf Coast Aircraft Sales, Inc., 396 So.2d 19 (Miss. 1981). See generally 50 C.J.S. Judgments § 889 (1947); 47 Am.Jur.2d Judgments §§ 1214, et seq. (1969).
Other general rules are that the full faith and credit clause under Article 4, Sec. 1 of the United States Constitution, applies only where the judgment of a foreign state is founded upon adequate jurisdiction of the parties and subject matter, Restatement 2nd, Conflict of Laws §§ 104, 105, pp. 315-16 (1969); extrinsic evidence is admissible in a collateral attack upon a foreign judgment to show that it is void, Restatement, Judgments, § 12, p. 69 (1942); and a judgment which is void is subject to a collateral attack both in the state in which it is rendered and in other states. Id. § 11, p. 65.
However, our own statute on foreign wills probated outside the State of Mississippi and sought to be introduced here reads as follows:
§ 91-7-33. Foreign wills recorded.
Authenticated copies of wills proven according to the laws of any of the states of the union, of the territories, of the District of Columbia, or of any foreign country, and affecting or disposing of property within this state, may be admitted to probate in the proper court. Such will may be contested as the original might have been if it had been executed in this state, or the original will may be proven and admitted to record here.
Therefore, while we must give full faith and credit to the judgment of the court of a sister state in the probate of a will disposing of personal property owned by decedent *26 at the time of death, we may intervene when disposition of decedent's interests involve property interests which are subject to our own jurisdiction. See e.g. Woodville v. Pizzati, 119 Miss. 442, 81 So. 127 (1919), in which we held that the judgment of another state establishing an instrument as a will, is not rendered, by the full faith and credit clause, conclusive as to real estate in Mississippi.
Hence appellee's argument citing "collateral estoppel" has a limited application herein, and we reach the core of the problem in the case at bar: namely, is the beneficial interest in the trust one which constitutes real property, and thus properly before our courts, or is it personal property as appellee so contends and a matter which is res judicata as far as we may determine?
The statute dealing with personal property is Miss. Code Ann. § 1-3-41 (1972), which reads:
§ 1-3-41. Personal property.
The term "personal property," when used in any statute, shall include goods, chattels, effects, evidences of rights of action, and all written instruments by which any pecuniary obligation, or any right, title, or interest in any real or personal estate, shall be created, acknowledged, transferred, incurred, defeated, discharged, or diminished.
The term "property" has been defined as:
§ 1-3-45. Property.
The term "property," when used in any statute, includes personal property as defined in section 1-3-41 and also every estate, interest and right, in lands, tenements, and hereditaments.
Miss. Code Ann. § 1-3-45 (1972).
In Watson v. Caffery, 236 Miss. 223, 109 So.2d 862 (1959), we interpreted the term "personal property" to mean "everything which is the subject of ownership not coming under the denomination of real estate." More recently, in Simmons-Belk, Inc. v. Dr. Reuel May, Jr., d/b/a Maywood Farms, et al, 283 So.2d 592 (1973), we again interpreted our statutory definition of personal property and said:
The term "personal property," when used in any statute, shall include ... evidences of rights of action, and all written instruments by which any pecuniary obligation ... shall be created.
Hence, as evidenced by the language itself, we are left with a fairly broad field of interpretation of the term "personal property" and its application as to other areas of concern to this Court.
In Crook v. Commercial National Bank & Trust Co., 375 So.2d 1006 (Miss. 1979), at issue was establishing when land or real property may be left in a charitable testamentary trust without being subjected to the mortmain requirement that the property must be sold within ten years. This Court held that the testamentary trust in Crook did not violate the mortmain laws for the simple reason that the proscribed institution, though a beneficiary of the trust, did not have an interest, present or future, in the land devised by the testator. Johnson v. Board of Trustees of the Mississippi Annual Conference of the Methodist Church, 492 So.2d 269, 274.
The interest of beneficiaries who have, under the terms of the trust agreement, no right, title, or interest in the realty as such, either legal or equitable, but only an interest in the earnings and proceeds with power to direct the trustee to deal with the title and manage and control the property, and the right to receive proceeds from rentals, which right is to be deemed personal property, is personal property only and not real estate.
90 C.J.S. Trusts, Sec. 186, p. 79 (1955). See Crook, at 1011-1012; Calhoun v. Markow, 168 Miss. 556, 151 So. 547 (1933); Mitchell v. Choctaw Bank, 107 Miss. 314, 65 So. 278 (1914).
While decedent and her heirs or devisees, by virtue of the language of the trust, apparently retain a vested remaindermen's interest in the trust assets, to come into existence at a time of sale of the trust property in toto, or at the end of 99 years, because decedent held only the right to certain proceeds from the trust at the time of her death, distributed pro rata in accordance with the trust provisions, we *27 believe that this beneficial interest constitutes personal rather than real property.
Accordingly, we affirm the decision of the trial court.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.